IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD P. WELLS, et al., | No. C 05-01229 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CALIFORNIA PHYSICIANS' SERVICE, dba BLUE SHIELD OF CALIFORNIA, | |
| Defendant. | |

Now pending before the Court is defendants' motion to dismiss the First Amended Complaint. After carefully reviewing the papers filed by the parties, the Court GRANTS the motion in part, and DENIES the motion in part.

Plaintiffs' second, third and fourth claims for relief are DISMISSED with prejudice. These claims seek compensatory damages that are not recoverable under ERISA. See Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1008 (9th Cir. 1998); McLeod v. Lithoprint Inc., 102 F.3d 376, 377 (9th Cir. 1996). Plaintiffs' characterization of their claims as seeking equitable relief is immaterial. "In determining whether an action for equitable relief is properly brought under ERISA, [courts] look to the substance of the remedy sought . . . rather than the label placed on that remedy." Westaff (USA) v. Arce, 298 F.3d 1164, 1166 (9th Cir. 2002).

1  Defendant's motion to dismiss the first claim for injunctive relief is DENIED.
2  Defendant concedes that plaintiffs can seek injunctive relief under section 502(a)(3). See
3  McLeod, 102 F.3d at 377-78.
4  Defendant has not established that plaintiffs do not have standing as a matter of law.
5  Section 502(a)(3) provides that "A civil action may be brought–by a participant, beneficiary
6  or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter
7  or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such
8  violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
9  Plaintiffs are themselves beneficiaries of the plan and they are seeking to enjoin acts that they
10 allege violate ERISA; thus, under the language of the statute they appear to have standing.
11 None of the cases cited by defendant are ERISA cases. Further, defendant has not addressed
12 the other injunctive relief sought by plaintiffs; namely, requiring defendant to provide
13 beneficiaries with certain information when it denies claims that it has previously approved.
14 Defendant has also not established that plaintiffs have not and cannot allege that
15 defendant has a policy of denying coverage for the Taxol protocal. The First Amended
16 Complaint alleges that defendant continues to deny coverage for such treatment by
17 misrepresenting that such treatment is "experimental" and by failing to expeditiously process
18 claims for the Taxol protocal. That defendant eventually reversed its decision (although its
19 reversal was too late) does not mean that it does not have a policy of initially denying such
20 claims on the ground that it is an experimental procedure.
21 **IT IS SO ORDERED.**
22
23 Dated: October 11, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\1229\orderredismiss.wpd            2